```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,        )
                                 )
         Plaintiff,              )   MJ No. 18-121
                                 )
                                 )   Washington, D.C.
      vs.                        )   October 4, 2018
                                 )   2:00 p.m.
JACKSON A. COSKO,                )
                                 )
         Defendant.              )
_____)


  TRANSCRIPT OF AUDIO-RECORDED INITIAL APPEARANCE PROCEEDINGS
         BEFORE THE HONORABLE DEBORAH A. ROBINSON
            UNITED STATES DISTRICT MAGISTRATE JUDGE


APPEARANCES:

For the Government:         Demian S. Ahn
                            U.S. ATTORNEY'S OFFICE
                            Violent Crimes Narcotics
                            and Trafficking (VCNT)
                            555 Fourth Street, NW
                            Washington, D.C. 20530
                            (202) 252-7106
                            demian.ahn@usdoj.gov

                            Tejpal S. Chawla
                            U.S. ATTORNEY'S OFFICE
                            FOR THE DISTRICT OF COLUMBIA
                            555 Fourth Street, NW
                            Washington, D.C. 20530
                            (202) 252-7280
                            tejpal.chawla@usdoj.gov

                            Youli Lee
                            U.S. ATTORNEY'S OFFICE
                            FOR THE DISTRICT OF COLUMBIA
                            Cyber Unit
                            555 Fourth Street, NW
                            Room 4235
                            Washington, D.C. 20530
                            (202) 252-7705
                            youli.lee@usdoj.gov
```

```
APPEARANCES CONTINUED

For the Defendant:          Brian W. Stolarz
                            LECLAIR RYAN
                            2318 Mill Road
                            Suite 1100
                            Alexandria, VA 22314
                            (703) 647-5946
                            brian.stolarz@leclairryan.com

Pretrial Services:          Tammy Everitt

Court Reporter:             William P. Zaremba
                            Registered Merit Reporter
                            Certified Realtime Reporter
                            Official Court Reporter
                            U.S. Courthouse
                            333 Constitution Avenue, NW
                            Room 6511
                            Washington, D.C. 20001
                            (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2            COURTROOM DEPUTY:  This is magistrate case year
 3   2018-121M, United States of America versus Jackson A. Cosko.
 4            Demian Ahn, Tejpal Chawla, and Youli Lee for the
 5   government.
 6            Brian Stolarz for the defendant.
 7            Pretrial Officer is Tammy Everitt.
 8            This is an Initial Appearance.
 9            Mr. Cosko, please stand and raise your right hand.
10            (Defendant is placed under oath.)
11            DEPUTY CLERK:  Please remain standing.
12            THE MAGISTRATE:  Now, good afternoon.  Will you
13   please state your full name for the record, sir.
14            THE DEFENDANT:  Jackson Cosko.
15            THE MAGISTRATE:  Thank you.  You may be seated.
16            Sir, the purpose of this hearing is to advise you
17   of the charges now pending against you and certain of your
18   rights in connection with these charges.
19            In addition, the Court will determine whether
20   conditions of release will be set pending further
21   proceedings.
22            You are advised that you are charged by criminal
23   complaint, with a total of seven offenses.
24            The first offense charged is making public
25   restricted personal information, in violation of Title 18
```

1  United States Code Section 119.  That offense is a felony
2  for which this statute provides as a penalty a period of
3  incarceration of up to five years, a fine of not more than
4  $250,000, or both.
5       You are advised that the second charged offense is
6  unauthorized access of a government computer, in violation
7  of Title 18 United States Code Section 1030(a)(3).  That
8  offense is also a felony for which the statute provides as a
9  penalty upon conviction a period of incarceration of up to
10 ten years, a fine of up to $250,000, or both.
11      The third charged offense is Identity Theft, in
12 violation of Title 18 United States Code Section 1028(a)(7).
13 That offense is also a felony, one for which the statute
14 provides as a penalty a period of incarceration of not more
15 than 15 years, a fine in accordance with the statute, or
16 both.
17      The fourth charged offense is Witness Tampering,
18 in violation of Title 18 United States Code Section
19 1512(b)(3).  That offense, likewise, is a felony, punishable
20 upon conviction by a fine of not more than 20 years, a
21 period of incarceration -- excuse me, a fine in accordance
22 with the statute, or both.
23      The next of the charged offenses is threats in
24 interstate communications, in violation of Title 18
25 United States Code Section 875(d).  You are advised that

1  that offense is punishable upon conviction by a fine in
2  accordance with the statute, a period of incarceration of up
3  to two years, or both.
4          Finally, there are two offenses charged in
5  violation of the District of Columbia Code.
6          The first of those offenses, which appears as
7  No. 6 on the complaint, is second degree burglary, in
8  violation of D.C. Code Section 22-801(b).  That is an
9  offense punishable by a period of incarceration of -- upon
10 conviction of not less than two years, not more than
11 15 years, a fine in accordance with the D.C. Code, or both.
12         Finally, you are advised that you are charged with
13 unlawful entry, in violation of D.C. Code section
14 22-3302(b), an offense punishable by a period of
15 imprisonment of up to six months, a fine in accordance with
16 the D.C. Code, or both.
17         You are advised, sir, that you are not required to
18 make any statement concerning any of these charges, and that
19 any statement you make may be used against you.
20         You are advised that you have the right to the
21 assistance of counsel, and that the Court must appoint
22 counsel to assist you if you are unable to retain counsel.
23         I have been advised that counsel has entered an
24 appearance on your behalf, Mr. Brian Stolarz.
25         Mr. Stolarz, we thank you for filing your entry of

1   appearance.
2           MR. STOLARZ:  Thank you, Your Honor.  Good to see
3   you.
4           THE MAGISTRATE:  We received the form.
5           Finally, Mr. Cosko, you are advised that you have
6   a right at this time to a preliminary hearing at which the
7   Court will make a finding concerning probable cause.
8           I will now hear from the United States regarding
9   conditions of release.
10          Mr. Ahn, I see that you are approaching.
11          MR. AHN:  Good afternoon, Your Honor.
12          THE MAGISTRATE:  Good afternoon --
13          MR. AHN:  Thank you very much.
14          THE MAGISTRATE:  -- Mr. Ahn.
15          MR. AHN:  Your Honor, the government agrees with
16  the Pretrial Services Report, which indicates that this case
17  is appropriate for detention under 18 U.S.C. 3142(f)(1)(A),
18  because the defendant is charged with a crime of violence,
19  and also under 18 U.S.C. 3142(f)(2)(B), a serious risk of
20  obstruction of justice.
21          Also, we believe that there is a risk of flight;
22  that we would ask that the Court to detain the defendant for
23  that as well.
24          The crime of violence in this case, Your Honor, is
25  the second degree burglary.

1  Burglary is recognized as an offense that
2  inherently has a risk of injury or damage or harm and is
3  labeled under the D.C. Code, as this particular charge is
4  labeled under the D.C. Code as a crime of violence, which
5  ordinarily is subject to potential detention.
6  The defendant is charged with a very serious crime
7  of publishing a Senator's restricted personal information
8  with intent to intimidate, in connection with the Senator's
9  duties, as well as breaking into a Senator's office, where
10  he had no right to be, and gaining unauthorized access to a
11  computer.
12  And then when he was caught in the act by a
13  staffer, the defendant left but very quickly sent a
14  threatening email within five minutes, threatening --
15  directing the staffer not to tell anybody; and also that if
16  the staffer were to tell people, the defendant would release
17  restricted personal information of a Senator and a Senator's
18  children.
19  I would also note that with respect to the request
20  for detention under a risk of Obstruction of Justice, a
21  serious risk of Obstruction of Justice, a search warrant was
22  executed at the defendant's residence, and in the residence
23  were found notes, one of which -- personal notes,
24  handwritten, one of which indicated an intent to commit
25  future doxing, which is effectively the colloquial

1    equivalent of 18 U.S.C. Section 119, Publishing People's
2    Personal Information on the Internet.
3             And the other note indicated -- it was essentially
4    a to-do list, back up all files, mail backup, burn aliases,
5    wipe down computers.
6             And we do believe that there is a serious risk of
7    Obstruction of Justice, and so we do ask for a detention
8    hearing.
9             We ask that the Court schedule the detention
10   hearing for Tuesday; that the Court continue the hearing for
11   three days, excluding weekends and legal holidays, and we
12   ask for a detention hearing on Tuesday.
13            THE MAGISTRATE:  Thank you very much, Mr. Ahn.
14            Mr. Stolarz.
15            MR. STOLARZ:  Thank you, Your Honor.
16            Thank you very much, Your Honor.
17            THE MAGISTRATE:  Thank you, Mr. Stolarz.
18            MR. STOLARZ:  Good afternoon.
19            THE MAGISTRATE:  Good afternoon.
20            MR. STOLARZ:  Your Honor, we respectfully request
21   that he be released under the terms of the High Intensity
22   Supervision Program.
23            As to the crime of violence, we do not believe
24   that burglary is a statutory mandated crime of violence
25   under the Bail Reform Act, as well as for the Obstruction of

1  Justice.
2          Just because simply he's charged with it doesn't
3  make it automatic that he will do it again, and I think that
4  is an inference that cannot be drawn here.
5          And there is some references to documents that
6  were seized, but they're unclear to me as to what that
7  really means.  And to have that inference, I think, is
8  improper to invoke that statutory hold.
9          THE MAGISTRATE:  Well, let me suggest that the
10 Court has made no inference, nor does the Court intend to
11 make an inference at this time.
12         My question of you at this time is only whether
13 you acknowledge that any of the grounds proffered by counsel
14 for the government as grounds for a detention hearing is
15 viable.
16         MR. STOLARZ:  Thank you, Your Honor.
17         We contest both of the grounds that the Pretrial
18 Services --
19         THE MAGISTRATE:  Actually, there have been --
20 I'm speaking now only of the government's motion.
21         My recollection is that the government has moved
22 for a detention hearing on the grounds that at least one of
23 the offenses charged is a crime of violence, as that is
24 described in 3142(f)(1)(A); that there is a serious risk of
25 flight, as that is described in 3142(f)(2)(A); and a serious

1  risk that a person will obstruct or attempt to obstruct
2  justice or intimidate or attempt to intimidate a prospective
3  witness, as that term is described in (f)(2)(B).
4          MR. STOLARZ:  Correct.
5          THE MAGISTRATE:  This is not the detention
6  hearing.
7          My question is simply whether you wish to be heard
8  with respect to the government's motion on one or more of
9  those grounds.
10         MR. STOLARZ:  We do.
11         And we'd respectfully request either a continuance
12 to later this afternoon or to tomorrow to contest those
13 applications of the Bail Reform Act.  I don't believe that
14 they have made their burden as to those.
15         We would actually respectfully request that
16 Your Honor exercise your discretion in having a detention
17 hearing tomorrow, because, with the three-day weekend, we
18 are now pushing into a long weekend that he would be
19 detained for.
20         And so very briefly, we just got on the matter; we
21 are analyzing this as quickly as we can, but we do not
22 believe that the proffered arguments from the government
23 suffice, and we'd ask for a detention hearing as early as
24 this afternoon but most likely tomorrow so we can fully
25 brief and fully present the arguments to the Court.

11

1        THE MAGISTRATE:  Very well.  Thank you very much,
2   Mr. Stolarz.
3        MR. STOLARZ:  Thank you.
4        And I reserve other aspects of arguing about his
5   personal life that we'll talk about at the appropriate time.
6        THE MAGISTRATE:  Of course.
7        Thank you, Mr. Stolarz.
8        MR. STOLARZ:  Thank you, Judge.
9        THE MAGISTRATE:  The Court is satisfied that, at a
10  minimum, a ground in support of the government's motion is
11  presented by 3142(f)(2)(B), that is, "a serious risk that
12  such person will obstruct or attempt to obstruct justice or
13  threaten, injure, or intimidate or attempt to threaten,
14  injure, or intimidate a prospective witness.
15       The basis of the government's proffer is evident
16  from the proffer from the podium, as well as the provisions
17  of the affidavit in support of the complaint, and the Court
18  will grant the motion on that ground.
19       The Court has no occasion to address the other
20  grounds.
21       The Rule, of course, provides that the government
22  may request a continuance of up to three days, a hearing on
23  Tuesday, because the statute excludes weekends and holidays,
24  is actually the second day, and that is the day I am
25  prepared to schedule it.

```
 1              The Court cannot reach the hearing today.
 2              We will not be in session on Monday.  As we all
 3  know, Monday is a Federal Holiday.
 4              Nor can the Court reach the matter tomorrow
 5  because of other detention hearings already on the calendar.
 6              Is there anything further with respect to
 7  Mr. Cosko's matter at this time?
 8              Mr. Ahn, is there anything further on behalf of
 9  the government?
10              MR. AHN:  Nothing from the government, Your Honor.
11              THE MAGISTRATE:  Thank you, Mr. Ahn.
12              Mr. Stolarz, is there anything further on behalf
13  of Mr. Cosko?
14              MR. STOLARZ:  Just real briefly, Your Honor.
15              If I may clarify Your Honor's ruling as to the
16  Obstruction of Justice as to witnesses, not as to the
17  proffered evidence about computers that was just described
18  by the government counsel, it is to the witness.
19              THE MAGISTRATE:  I have made no distinction
20  between the two.
21              MR. STOLARZ:  Very well.
22              And, again, in addressing only one ground, I do
23  not intend any findings to be inferred with respect to the
24  other two grounds.
25              I note the one ground simply because one ground is
```

```
 1   sufficient as a basis for the defendant's motion, and that
 2   is the one I have chosen to address.
 3            Now, anything further, Mr. Ahn?
 4            MR. AHN:  No, Your Honor.
 5            THE MAGISTRATE:  Is there anything further,
 6   Mr. Stolarz?
 7            MR. STOLARZ:  No, Your Honor.  Thank you.
 8            THE MAGISTRATE:  Very well.
 9            We did not settle upon a time.  Bear with us just
10   one moment.
11            That will be 1:30 p.m. on Tuesday.
12            MR. STOLARZ:  Very well.
13            THE MAGISTRATE:  I assume both of you will be
14   available?
15            Mr.Stolarz, 1:30 on Tuesday?
16            MR. STOLARZ:  I will not, but we have a -- there's
17   another partner of mine, who's going to be co-counsel with
18   mine, already knows that he's going to be -- because I'll be
19   before Judge Leon Tuesday.
20            THE MAGISTRATE:  Very well.
21            MR. STOLARZ:  But, yes, there will be someone from
22   our law firm here at 1:30, and he'll put his notice of
23   appearance prior to that event.
24            THE MAGISTRATE:  That was my next question.
25            MR. STOLARZ:  Yes.
```

1     THE MAGISTRATE:  Thank you very much, Mr. Stolarz.
2     Mr. Ahn.
3     MR. AHN:  1:30 is fine.
4     THE MAGISTRATE:  Very well.  Thank you very much.
5     Mr. Cosko, please return with the Marshals, sir.
6     (Proceedings concluded at 2:23 p.m.)

CERTIFICATE

    I do hereby certify that the foregoing is a true, correct, and complete transcript of the audio-recorded proceedings in this matter, audio recorded on Thursday, October 4, 2018, and transcribed from the audio recording to the best of my ability, and that said transcript has been compared with the audio recording.

Date: October 5, 2018_____  /S/\_\_William P. Zaremba\_\_\_\_\_

                                   William P. Zaremba, RMR, CRR