Case 1:18-cr-00303-TFH Document 11-1 Filed 10/12/18 Page 1 of 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 18-CR-303 (TPH)** |
| **v.** | : | |
| | : | |
| **JACKSON COSKO,** | : | |
| | : | |
| **Defendant.** | : | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon consideration of the unopposed motion of the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

**All Discovery Materials**

1. All discovery materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "discovery materials") are subject to this protective order ("the Order") and may be used by the defendant, defendant's counsel, legal experts, administrative personnel, investigators, data or accounting analysts, and database processors (collectively, "the Defense") solely in connection with the defense of this case, and for no other purpose and in connection with no other proceeding, without further order of this Court. Before any discovery materials are provided to any member of the Defense, such member of the Defense must be provided with a copy of this Order and must agree in writing to abide by the terms of this Order.

2. The Defense will not share or provide discovery materials or their contents directly or indirectly to any person or entity other than persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"'). Authorized persons may be shown copies of

discovery materials as necessary to prepare the defense, but may not retain copies or create copies without prior permission of the Court.

3. The Defense will not copy or reproduce discovery materials except in order to provide copies of the discovery materials for use in connection with this case by the Defense. Such copies and reproductions will be treated in the same manner as the original discovery materials. The Defense and authorized persons will not disclose any notes or records of any kind that they make in relation to the contents of discovery materials, and all such notes or records are to be treated in the same manner as the original discovery materials.

4. Before providing any discovery materials to an authorized person, the Defense must provide the authorized person with a copy of this Order and that person must agree in writing to abide by the terms of this Order.

5. Upon conclusion of all stages of this criminal case, all of the discovery materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The discovery materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that defense counsel retains the discovery materials, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

6. To the extent that any discovery materials are provided by the United States to the Defense by mistake, the United States has the right to request the return of the materials and will do so in writing. Within seven days of such a request, the Defense will return all such materials if in hard copy, and in the case of electronic materials, will certify in writing that all

Case 1:18-cr-00303-TFH Document 11-1 Filed 10/12/18 Page 3 of 6

copies of the specified materials have been deleted from any location in which the materials were stored.

7. Except as provided for sensitive materials, below, the restrictions set forth in this Order do not apply to discovery materials that are included in the parties' public filings with the Court, or that otherwise are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the discovery materials in judicial proceedings in this case, subject to the terms of this Order.

**Sensitive Materials**

8. Discovery materials that the United States produces to the Defense may contain (1) personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("personal identity information"); (2) materials obtained from the United States Congress; (3) analysis and forensic reports of electronic materials searched in this case; and/or (4) certain records relating to third parties and potential witnesses to this matter (all, collectively, "sensitive materials"). The United States will plainly mark sensitive materials as "sensitive," either individually or collectively, before they are produced to the Defense. If the Defense contests the marking of any material as sensitive by the United States, the Defense will alert and confer with the United States. In the event of continued disagreement, the Defense may raise the issue with Court by filing a motion under seal.

9. Unless otherwise provided in this paragraph, the Defense shall not disclose to any person sensitive materials, or the information contained therein. Defense counsel may show sensitive materials, or disclose their contents, to the defendant or to any other potential witness to whom the sensitive information directly pertains, and such other potential witness' counsel, as is

necessary to assist in preparation of the defense. However, defense counsel may not provide to the defendant or such other person copies of any sensitive materials or information from sensitive materials, without prior notice to the United States or authorization from the Court. The United States will not object to the Defense seeking *ex parte* authorization from the Court to make a disclosure not otherwise permitted under this paragraph where prior notice would reveal to the government its defense strategy.

10. Sensitive materials will be maintained in the custody and control of defense counsel. Sensitive materials and information from sensitive materials may not be left unattended with the defendant. The defendant, and any other potential witness and such other potential witness' counsel, may not write down or otherwise record any identifying or contact information related to any other witness, or any personal identity information, contained in the sensitive materials. Defense counsel, or counsel for other persons, will ensure that any notes do not contain such information.

11. The parties will file under seal all documents that contain sensitive material, unless both parties agree that such document may be filed publicly with appropriate redactions. If a party wishes to publicly file a document that contains such redactions, it will first provide a redacted copy to the opposing party. If the opposing party makes no objection within five days, the redacted copy may be filed publicly. Disputes regarding redacted filings may be brought to the attention of the Court. The Clerk will accept for filing under seal any filings so marked by the parties pursuant to this Order.

12. The procedures for use of sensitive materials during any hearing or the trial of this matter will be determined by the parties and the Court in advance of the hearing or trial. No party will disclose designated sensitive materials in open court without prior consideration by the Court.

13. The failure by the United States to designate any materials as "sensitive" upon disclosure to the Defense will not constitute a waiver of the United States' ability to later designate the materials as sensitive.

**Scope of this Order**

14. **Modification Permitted.** Nothing in this Order will prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

15. **No Ruling on Discoverability or Admissibility**. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16. **Classified Materials to be Addressed Separately**. This Order does not constitute a ruling that relates to the handling of classified information. See generally 18 U.S.C. Appx. 3, Classified Information Procedures Act.

SO ORDERED this 15 day of October, 2018.

JUDGE THOMAS F. HOGAN
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

[illegible] The failure by the [illegible] to designate any materials [illegible] the Defense will not [illegible] a waiver of the United States' ability to [illegible] as sensitive.

Scope of this Order

14. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking [illegible] this Order or from objecting to discovery that it believes to be otherwise improper.

15. **No Ruling on Discovery or Admissibility.** This Order does not constitute a [illegible] question of whether any particular material is properly discoverable or admissible and [illegible] constitute any ruling on any potential objection to the discoverability of any material.

16. **Classified Materials to be Addressed Separately.** This Order does not constitute [illegible] as it relates to the handling of classified information. See generally 18 U.S.C. App. 3, Classified Information Procedures Act.

SO ORDERED this 15 day of [illegible] 2018.

JUDGE THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE FOR THE
DISTRICT OF COLUMBIA