UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACKSON A. COSKO,<br><br>Defendant. | Criminal No. 18-00303<br>TFH/DAR |

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

**I. INTRODUCTION**

Defendant is charged by indictment with making public restricted personal information, in violation of 18 U.S.C. § 119 (Count One); identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(2)(B) (Count Two); computer fraud, in violation of 18 U.S.C. §§ 1030(a)(3), (c)(2)(A) (Count Three); interstate threats, in violation of 18 U.S.C. § 875(d) (Count Four); witness tampering, in violation of 18 U.S.C. § 1512(b)(3) (Count Five); second degree burglary, in violation of D.C. Code 22-801(b) (Count Six), and unlawful entry, in violation of D.C. Code 22-3302(b). *See* Indictment (ECF No. 6). The undersigned conducted a detention hearing on October 9, 2018.

Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of

conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Both counsel for the government and counsel for the Defendant proceeded by proffer. Counsel for the government, in the government's proffer of evidence, principally relied upon its written memorandum; thus, said memorandum is incorporated herein by reference. *See* Government's Memorandum in Support of Pretrial Detention ("Government's Mem.") (ECF No. 4).

Defendant, through counsel, requested that the undersigned release him on conditions. In support, counsel for Defendant acknowledged that Defendant has two prior convictions, but argued that the pending charges are not crimes of violence. The Pretrial Services Agency, in its report, proposed conditions of release that it would deem appropriate for Defendant. Additionally, counsel for Defendant proffered that Defendant's father resides in California, and that he would be willing to house Defendant should he be referred for the High Intensity Supervision Program. Defendant, through counsel, stated that Defendant's mother would be retiring soon and could stay in the home with Defendant.

## IV. FINDINGS OF FACT

Upon consideration of the facts enumerated at Section 3142(g) of the Act, the undersigned finds that the government has shown by clear and convincing evidence that no condition of release or combination of conditions would reasonably ensure the safety of the community.

First, with respect to the nature and circumstances of the offenses charged, the undersigned observes that Defendant has been charged with posting personal information with the intent to intimidate a United States Senator, and a burglary of the office of another United States Senator, among other offenses. Government's Mem. at 6. Defendant allegedly made public the Senator's home address and other private personal and family information with intent that was described in one of the posts as "malicious and hostile." *Id.*

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. Defendant was caught in the act of burglarizing the office of a United States Senator by a witness who recognized Defendant immediately. The doxxing post that pertained to another United States Senator was published from a workstation that was accessed using Defendant's login

credentials. *See* Government's Mem., Exhibit 1. In addition, Defendant did not return to work the day after the burglary, evidencing a consciousness of guilt.

With respect to the third factor, the undersigned has taken into account the Defendant's ties to the community, as Defendant is a resident of the District of Columbia. The undersigned has also taken into account the proffer of Defendant's counsel that Defendant's parents were prepared to have him reside with either of them. However, in assessing this factor, the undersigned also has considered that during the course of the pending charges, Defendant stated an intention to commit further crimes of the same nature.

Finally, the undersigned finds that a significant danger to the community would be posed by Defendant's release. Defendant has already been alleged to have committed acts that caused great harm to certain individuals, and through his actions and "to-do list" of potential targets, shown an intent to engage in witness tampering and otherwise harm others in the future.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 9, 2018 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

<u>November 20, 2018</u>
DATE

<u>October 9, 2018</u>
NUNC PRO TUNC